Tian Zi CHEN, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 04–1077–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

Meer M.M. Rahman, Christophe & Associates, P.C., New York, New York, for Petitioner.

Stephen P. Sinnott, Acting United States Attorney for the Western District of Wisconsin, Leslie K. Herje, Assistant United States Attorney, Madison, Wisconsin, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from a decision of the Board of Immigration Appeals (BIA), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order. Any outstanding motions are DENIED as moot.

Tian Zi Chen petitions for review of the February 2004 decision of the BIA denying his applications for asylum, withholding of removal, and Convention Against Torture (CAT) relief. We assume the parties' familiarity with the facts and procedural history of this case.

We review the immigration judge's (IJ's) factual and credibility findings—which were summarily affirmed by the BIA, *see Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003)—for substantial evidence, a standard which requires affirmance unless a reasonable adjudicator would be compelled to arrive at a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

Chen's asylum application was rejected because the IJ did not credit his testimony that he was being sought after by Chinese police officials on account of his protest of the detainment of his father for practicing and being a member of Falun Gong. The IJ found Chen's testimony in-

credible for the following reasons: (1) lack of specificity of his oral testimony; (2) lack of supporting documents; (3) the fact that authorities were not after other members of his family; (4) his ability to obtain an official birth certificate from China; and (5) his ability to flee China using a bogus passport.

With the exception of reason (3), discussed *infra,* these reasons do not speak to Chen's credibility and therefore do not "bear a legitimate nexus" to the adverse credibility finding. *Secaida–Rosales,* 331 F.3d at 307. Where "a credibility determination analyzing testimony is based on flawed reasoning, it will not satisfy the substantial evidence standard." *Id.* First, a lack of specificity in Chen's oral testimony should have counseled the IJ "to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400–01 (2d Cir.2005). This the IJ did not do, pointing to no aspect of the testimony that was overly general, while Chen readily provided dates and details about his participation in the protest and subsequent summons by the police when questioned. Second, the lack of corroborative documents alone does not justify an adverse credibility finding, particularly where no missing corroborative documents were identified. *See Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000); *Cao He Lin,* 428 F.3d at 401 ("[T]he adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner."). Third, Chen's ability to obtain an official birth certificate through family or friends in China is neither here nor there without knowing more about the coordination between the police and the bureau responsible for issuing such certificates, an issue not addressed by the IJ's opinion. And finally, to reason that Chen's

utilization of a falsified passport supports the view he was *not* attempting to evade government authorities is absurd.

The only reason that "bears a legitimate nexus" to the adverse credibility finding is Chen's admission that the government authorities were after him alone and not his siblings when they came to his house searching for the protesters. Responding to the question of how the authorities could have known he was one of the protesters, Chen stated that they could have found out by investigating him as a "relative of Falun Gong membership ... because most of the people [who] went into the protest" were family of Falun Gong members. Later, he stated that the authorities sought to arrest only him "[b]ecause the people were arrested, [and] they recognized me." From this the IJ concluded that Chen's explanation for how the authorities discovered his identity (that they connected him with his detained father) was inconsistent with Chen's statement that the authorities sought him alone and not his other family members. While this could be a persuasive reason to reject Chen's testimony had he actually so testified, the record is utterly unclear as to an inconsistency in this regard. When pressed about how the officials could have singled him out from the rest of his family, Chen explained that the officials identified his person by the fact that he ran away from the protest. Thereafter, the officials could have discovered where he lived through his relationship with his detained father. This is fully consistent with the rest of Chen's testimony, specifically, that the officials wanted to arrest him alone and not his family members. We do not understand why the IJ found this testimony to be inconsistent, and we therefore remand to give the IJ an opportunity to determine, by further proceedings if necessary, whether Chen's testimony was in-

deed incredible in this regard and, if so, to state reasons explaining its reasoning according to the requirements of our case law. *See Diallo,* 232 F.3d at 287.