09-2879-ag
Chen v. Holder

BIA
Hom, IJ
A079 407 387

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of April, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        PETER W. HALL,
            *Circuit Judges.*

───────────────────────────────────────────

TIAN ZI CHEN,
        *Petitioner*,

        v.                                    09-2879-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

───────────────────────────────────────────

FOR PETITIONER:        Charles Christophe, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Michelle G. Latour,
                       Assistant Director; Kimberly A.
                       Burdge, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Tian Zi Chen, a native and citizen of the People's Republic of China, seeks review of a June 24, 2009, order of the BIA, affirming the September 21, 2006, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tian Zi Chen*, No. A079 407 387 (B.I.A. June 20, 2009), *aff'g* No. A079 407 387 (Immig. Ct. N.Y. City Sept. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

## I.   Asylum and Withholding of Removal

This is the second time this case has come before us. In a prior order, we held that the agency's reasoning was insufficient to support its denial of relief, and remanded Chen's case for further administrative findings. *See Tian Zi Chen v. Gonzales*, No. 04-1077-AG NAC, 163 Fed. Appx. 27, 29 (2d Cir. Jan. 4, 2006) (unpublished). On remand, the agency issued a new decision relying in part on reasoning we previously held to be flawed. Chen argues that in concluding that he did not have a well-founded fear, the BIA erred in relying on the fact that his family members did not face persecution, because they were not similarly situated. We agree. Indeed, we found that same argument persuasive in our previous order. *See id.* Because our previous holding constitutes the law of the case, the agency erred in basing

its decision in part on this finding. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002); *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009).

However, because the BIA's alternative rationale is not erroneous, remand would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). In denying relief, the IJ found that Chen did not provide sufficient evidence to show that his fear of persecution was well-founded, because the evidence he submitted – generalized evidence of country conditions and unauthenticated documents concerning his father's arrest and medical treatment – did not establish that Chen, in particular, reasonably feared persecution. *See Diallo v. INS*, 232 F.3d 279, 285-88 (2d Cir. 2000). Moreover, to the extent Chen argues that he established a well-founded fear of persecution based on his current practice of Falun Gong, his claim is without merit. Chen did not testify regarding his alleged current practice of Falun Gong, resting instead on his prior testimony. Under these circumstances, the IJ reasonably found that documents in the record – photographs purportedly showing Chen practicing Falun Gong and his roommate's affidavit – in and of themselves were insufficient to meet his burden. *See Xiao Ji Chen*, 471 F.3d at 342; *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Because Chen failed to establish his eligibility for asylum, his withholding of removal claim fails as well. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. CAT

To the extent Chen claims that he established his eligibility for CAT relief due to his actual or imputed connection to Falun Gong, the BIA did not err in denying this relief because his CAT claim is based on the same factual predicate as his claims for asylum and withholding. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Insofar as Chen's CAT claim is based on his purportedly illegal departure from China, the BIA's denial was also not in error. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk