**Raja SARKAR, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–2686–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2008.

Salim Sheikh, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; James E. Grimes, Senior Litigation Counsel; Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Raja Sarkar, a native and citizen of Bangladesh, seeks review of a June 5, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Raja Sarkar*, No. A 73 534 922 (B.I.A. June 5, 2007). We assume the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

mer Attorney General Alberto R. Gonzales as the respondent in this case.

parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

The BIA did not abuse its discretion in denying Sarkar's motion as untimely and numerically barred. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien may file only one motion to reopen removal proceedings and that motion must be filed within ninety days of the final administrative decision). Indeed, this was Sarkar's second untimely motion to reopen. Furthermore, the BIA properly found that Sarkar failed to establish that he qualified for an exception to the time and numerical limitations for motions to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Sarkar relied on evidence that his brothers were assaulted and that their home was ransacked. The BIA acknowledged the showing that Hindus experience discrimination and periodic violence in Bangladesh. The BIA, however, did not abuse its discretion in concluding that Sarkar's showing failed to demonstrate changed cir-

cumstances in Bangladesh,[2] *see* 8 C.F.R. § 1003.2(c)(3)(ii), or in denying Sarkar's motion to reopen. *See Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** In his brief, Sarkar argues that the BIA abused its discretion by failing to consider the evidence he submitted in support of his motion. We will not presume, however, that the agency ignored this evidence. *See Xiao Ji*

*Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006) (providing that "we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").