09-2523-ag
Sarkar v. Holder

BIA
A073 534 922

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

RAJA SARKAR,

> *Petitioner,*

> v.                                                        09-2523-ag
>                                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          Raja Sarkar, *pro se*

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; William C. Peachey,
                         Assistant Director; Daniel E.

**Goldman, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Raja Sarkar, a native and citizen of Bangladesh, seeks review of the June 11, 2009, order of the BIA denying his motion to reopen. *In re Raja Sarkar*, No. A073 534 922 (B.I.A. June 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, we note that because our review is limited to the BIA's June 2009 decision, we do not reach Sarkar's challenges to the agency's earlier decisions. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001); *see also Stone v. INS*, 514 U.S. 386, 405-06 (1995).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). To the extent the BIA evaluated country

2

conditions evidence, we review its decision for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Sarkar's motion to reopen as untimely and number-barred. In general, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened, and only one such motion may be filed. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Sarkar's November 2008 motion to reopen was filed more than six years after the BIA affirmed the IJ's denial of his asylum application. Because that motion was Sarkar's third, the motion was both untimely and numerically barred. *See id.* In these circumstances, the BIA's denial of the motion to reopen was not an abuse of discretion. Although no time and number limitations apply where the petitioner demonstrates "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at [his] previous hearing," *id.* § 1003.2(c)(3)(ii), the BIA reasonably concluded that Sarkar

3

failed to demonstrate that he satisfied the requirements of this exception.

While Sarkar argues that the BIA erred in ignoring evidence of changed country conditions submitted with his motion to reopen, the evidence he cites was submitted to the BIA with his November 2006 motion to reopen. That motion was denied by the BIA in a June 2007 decision that we subsequently upheld. *See Sarkar v. Mukasey*, 300 F. App'x 98, 99 (2d Cir. 2008) (unpublished). Because we have previously held that, in light of the evidence here at issue, the agency did not err in declining to reopen Sarkar's proceedings, we reach the same conclusion under the doctrine of the law of the case given the absence of any "cogent and compelling reason[]" not to do so. *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotation marks omitted); *accord Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009).

Even construing Sarker's *pro se* petition for review broadly, *see Weixel v. Bd. of Educ.*, 287 F.3d 138, 145-46 (2d Cir. 2002), to include the argument that the BIA ignored evidence that he submitted for the first time with his November 2008 motion, the argument is without merit. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d

4

Cir. 2006); *Wei Guang Wang v. BIA*, 437 F.3d 270, 274-75 (2d Cir. 2006). For the foregoing reasons, the BIA reasonably found that Sarker failed to demonstrate a material change in country conditions, and did not abuse its discretion in denying his motion to reopen as untimely. *See Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005); 8 C.F.R. § 1003.2(c)(3)(ii).

Accordingly, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5