07-4629-ag
Johnson v. Holder

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

------------

August Term 2008

Argued: October 22, 2008      Decided: April 15, 2009

Docket No. 07-4629-ag

-----------------------------------------------------X

NORMA CHRISTINA DRUMMOND DE JOHNSON,

                        Petitioner,

          - against -

ERIC H. HOLDER JR.[1],

                        Respondent.

-----------------------------------------------------X

     Before:   FEINBERG, POOLER, and WESLEY, Circuit Judges.

     Petition for review by alien of a decision of the Board of Immigration Appeals denying her motion to reopen deportation proceeding in order to seek discretionary relief pursuant to § 212(c) of the Immigration and Naturalization Act. Denied.

                    MARCUS P. SMITH, Law Student Intern, supervised
                         by Brett Dignam, Jerome N. Frank Legal
                         Services Organization, Yale Law School, New
                         Haven, CT.

                    CHARLES CANTER, Office of Immigration Litigation,
                         Civil Division, United States Department of
                         Justice, Washington, D.C. (Gregory G.
                         Katsas, Acting Assistant Attorney General,

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for Michael B. Mukasey as respondent in this case.

Civil Division; Blair O'Connor, Senior Litigation Counsel; Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, Unites States Department of Justice; on the brief), for Respondent.

FEINBERG, Circuit Judge:

Petitioner Norma Cristina Drummond de Johnson challenges a decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen a deportation proceeding against her. We are bound by the decision of an earlier panel of this Court in this very case, and we therefore deny Johnson's petition.

## I.   BACKGROUND

Johnson is a native and citizen of Panama. She entered the United States in 1975 as a lawful permanent resident following her marriage to a United States citizen. In 1995, following the death of her husband, Johnson was convicted by a federal jury in the Middle District of Tennessee of possession and conspiracy to possess a controlled substance with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846.[2] In August 1995, she was sentenced to 188 months in prison.

---

[2]In 1994, police in Clarksville, Tennessee found 8.5 kg of cocaine and 1.8 kg of marijuana hidden in the panels of a van driven by Johnson. According to police, Johnson admitted she had knowingly driven the drugs from California to Tennessee for a co-conspirator and that she had made approximately seven previous trips for the same purpose.

In December 1996, the Immigration and Naturalization Service notified Johnson that it would seek to deport her pursuant to Sections 241(a)(2)(B)(i) and 241(a)(2)(A)(iii) of the Immigration and Naturalization Act (INA). Deportation proceedings began in January 1997 and in October 1997, the immigration judge (IJ) ordered Johnson deported to Panama.

Shortly thereafter, Johnson appealed the IJ's decision to the Board of Immigration Appeals (BIA). After a procedural remand, the BIA eventually denied Johnson relief.

In 2005, with the help of new counsel, Johnson moved to reopen her case before the BIA on the ground that she was eligible for a discretionary waiver of deportation pursuant to § 212(c) of the INA, 8 U.S.C. § 1182(c) (repealed 1996) (hereafter "§ 212(c)").

Until 1996, § 212(c) provided discretionary relief from deportation for aliens who 1) were lawful permanent residents, 2) had resided in the United States for at least seven years, and 3) had not served five or more years imprisonment on an aggravated felony. *See Walcott v. Chertoff*, 517 F.3d 149, 151 (2d Cir. 2008). An application for § 212(c) relief could either be made affirmatively, before the initiation of deportation proceedings, or defensively, once proceedings were underway. *See* 8 C.F.R. § 212.3(b). The equitable factors determining whether discretionary relief should be granted included

duration of residency in the United States, proof of rehabilitation, and the recency of the criminal conviction. *See Restrepo v. McElroy*, 369 F.3d 627, 634 (2d Cir. 2004). As a result, aliens "would be motivated to wait as long as possible to file a 212(c) application in the hope that [they] could build a better case for relief," because an application grew stronger with the passage of time. *Id*.

In 1996, Congress enacted two laws restricting the availability of this relief. The first, § 440 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), partially repealed § 212(c) relief for aliens who had been convicted of an aggravated felony. Pub.L. No. 104-132, 110 Stat. 1214, 1277 (Apr. 24, 1996). The second, § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), repealed § 212(c) in its entirety. Pub.L. No. 104-208, 110 Stat. 3009-546, 3009-597 (Sept. 30, 1996). The two repealing statutes also differed in that AEDPA took effect immediately upon enactment, while IIRIRA's effective date followed its enactment by six months. Johnson's deportation proceeding began after the AEDPA repeal, but before the IIRIRA repeal took effect, so her case is governed only by AEDPA.

The application of AEDPA and IIRIRA to petitioners, including Johnson, whose criminal convictions occurred before the repeals took effect has been the subject of a number of

-4-

opinions in this Court and in the United States Supreme Court. In *INS v. St. Cyr*, 533 U.S. 289 (2001), the Supreme Court held that application of the IIRIRA repeal to aliens who pled guilty to deportable offenses prior to the repeal would be impermissibly retroactive. The Court reasoned that the decision to plead guilty and accept a sentence that would leave the alien eligible for § 212(c) relief was likely to have been made in reliance on the continuing availability of § 212(c). *Id.* at 323. Because the IIRIRA repeal upset the expectation underlying the decision to plead guilty, the Court concluded, it "clearly attaches a new disability, in respect to transactions or considerations already past." *Id.* at 321 (internal quotation marks omitted). Thus, the repeal had "an obvious and severe retroactive effect" because aliens who pled guilty "almost certainly relied upon [the availability of § 212(c)] in deciding whether to forgo their right to a trial." *Id.* at 325. Consequently, the Court found the IIRIRA repeal did not bar the petitioner in *St. Cyr* from seeking § 212(c) relief, because "[a] statute may not be applied retroactively . . . absent a clear indication from Congress that it intended such a result." *Id*. at 316.

While *St. Cyr* settled that § 212(c) relief remained available to aliens who pled guilty, this Court has since repeatedly grappled with the question of when such relief

remains available to aliens convicted at trial. We have held that while the decision to go to trial, unlike the decision to plead guilty, does not make application of the repeals retroactive, *see Rankine v. Reno*, 319 F.3d 93, 100 (2d Cir. 2003), an alien who was convicted at trial may nonetheless demonstrate retroactivity if she decided against making an immediate application for § 212(c) relief in reliance on its continuing availability, *see Restrepo,* 369 F.3d at 637. *Restrepo* left open, however, whether there should be a categorical presumption (as in *St. Cyr.)* that an alien who was eligible to make an affirmative application prior to the repeals but did not do so relied on the continuing availability of § 212(c), or whether she should be required to make an individualized showing of reliance. *See Restrepo*, 369 F.3d at 640.

Such was the state of the law in this circuit when Johnson filed her 2005 motion to reopen her case. The BIA denied the motion in a July 2005 order, concluding that Johnson had not made out a *Restrepo* claim because she failed to make an individualized showing of reliance. Johnson then filed her first petition for review in this Court. A panel of this Court, which for purposes of clarity we call the "*Johnson I* panel," heard oral argument in August 2006.

In December 2006, while Johnson's petition remained pending, another panel of this Court decided *Wilson v. Gonzales*, 471 F.3d 111 (2d Cir. 2006). *Wilson* held that in order to succeed in a *Restrepo* claim, an immigrant subject to the IIRIRA repeal had to show individualized reliance on the continuing availability of § 212(c). *Wilson*, 471 F.3d at 117. Four days later, the government filed a letter with the *Johnson I* panel pursuant to FRAP 28(j) (the "28(j) letter"). In the letter, the government argued that *Wilson* had decided the question left open by *Restrepo* and had rejected Johnson's argument that she need not make an individualized showing of reliance. Johnson filed no response. In February 2007, the *Johnson I* panel issued a summary order remanding Johnson's case to the BIA to determine whether she could make the "requisite showing of individualized reliance." *Johnson v. Gonzales*, 218 F. App'x 40, 41 (2d Cir. 2007)("Johnson I").[3]

On remand before the BIA, Johnson argued that *Wilson* did not control. The BIA, noting the specific instructions of this Court to apply *Wilson*, in a September 2007 order rejected the argument and again denied Johnson's motion to reopen. Johnson

---

[3]Johnson petitioned for panel rehearing and rehearing en banc, pressing essentially the same argument she now makes. These petitions were denied.

now petitions this Court for review of the BIA decision, and she does so before still another panel.

**II.  Discussion**

Johnson argues that the *Wilson* individualized reliance standard should not be applied to her case, because while the petitioner in *Wilson* was subject to the IIRIRA repeal, Johnson was subject only to the earlier AEDPA repeal. This is important, she contends, because while IIRIRA gave affected aliens six months notice that a repeal of § 212(c) was coming, AEDPA took effect immediately upon its enactment. She argues that the absence of a notice period in which to make an affirmative application makes it more likely that an AEDPA petitioner was delaying her application in reliance on the continuing availability of § 212(c). Johnson claims that this justifies a categorical presumption of reliance. We do not reach the merits of Johnson's argument because the law of the case doctrine compels us to follow our earlier ruling in *Johnson I* that she must make an individualized showing of reliance.

The law of the case doctrine commands that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case" unless "cogent and compelling reasons militate otherwise."

*United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotation marks omitted). Johnson argues that the law of the case is not implicated because *Wilson* was decided after briefing and oral argument in *Johnson I*. She contends that *her claim that Wilson* does not govern AEDPA petitioners "has not been addressed" by this Court. Therefore, she argues, the court's order in *Johnson I* applying *Wilson* does not constitute the law of the case.

This argument mischaracterizes the law of the case doctrine as it is understood in this circuit. Where "an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars . . . an appellate court in a subsequent appeal from reopening such issues." *Quintieri*, 306 F.3d at 1229 (internal quotation marks omitted). Johnson had ample opportunity to make her current argument to the *Johnson I* panel after it received the government's 28(j) letter in December 2006. Indeed, that panel waited more than two months after *Wilson* was decided before issuing its summary order. The 28(j) letter put Johnson on notice that *Wilson* arguably governed her petition. In light of this, the issue of whether *Wilson* applied to Johnson's case was certainly "ripe for review" before the earlier panel issued its order. As we have observed, "it would be absurd that a party who has chosen not to argue a

-9-

point on a first appeal should stand better as regards the law of the case than one who had argued and lost." *Id*. (internal quotation marks omitted).

We are mindful that the law of the case doctrine "does not rigidly bind a court to its former decisions, but is only addressed to its good sense." *Higgins v. Cal. Prune & Apricot Grower, Inc.*, 3 F.2d 896 (2d Cir. 1924)(L. Hand, J.). We may depart from the law of the case for "cogent" or "compelling" reasons including an intervening change in law, availability of new evidence, or "the need to correct a clear error or prevent manifest injustice." *Quintieri*, 306 F.3d at 1230. Johnson does not point to either a change in controlling law or new evidence, and we cannot say that manifest injustice will result from adhering to our earlier order. Thus, we may depart from our earlier ruling only if it constitutes "clear error."

We conclude that we cannot justify describing as clearly erroneous this Court's decision in *Johnson I*. While it is perhaps true that precedent did not require that panel at that time to apply the individualized reliance standard to Johnson's case, this alone does not amount to "clear error." Neither this Court nor the Supreme Court has previously indicated that retroactivity analysis is to be substantially different for AEDPA's repeal of § 212(c) than for IIRIRA's. Indeed, during the pendency of Johnson's latest petition this Court has

explicitly applied the *Wilson* individualized showing of reliance standard to another AEDPA petitioner. *See Walcott*, 517 at 151.[4] While we do not reach the merits of Johnson's argument, it is not of such a character as to obviously compel a result contrary to the one reached by the *Johnson I* panel.

**III. Conclusion**

The law of the case doctrine compels us to follow this Court's decision in *Johnson I* and to reject Johnson's argument that she need not make an individualized showing of reliance. Therefore, Johnson's petition is DENIED and our order of February 25, 2009 staying Johnson's removal is VACATED.

---

[4] The government argues that our decision in *Walcott* controls this case. Johnson contends that *Walcott* is distinguishable because it did not confront the precise issue she now raises. It is not necessary for us to decide the precedential significance of *Walcott*, so we leave that question for another day.