SUMMARY ORDER

Yi Mei Yang, a native and citizen of the People’s Republic of China (“China”), seeks review of a February 6, 2008 order of the BIA, affirming the September 17, 2004 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied her applica *90 tion for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yi Mei Yang, No. A098 279 410 (B.I.A. Feb. 6, 2008), aff'g No. A098 279 410 (Immig. Ct. N.Y. City Sep. 17, 2004). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Yang argues that the BIA erred in concluding that she failed to demonstrate eligibility for asylum.[2] However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). Further, there is nothing in the BIA’s decision compelling the conclusion that it failed to take into account all of Yang’s evidence as we “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.” See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Although Yang also argues that she demonstrated her eligibility for withholding of removal and CAT relief, "the law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court.” United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir.2002) (internal quotation marks omitted). As we previously held that Yang waived her withholding of removal and CAT claims, we decline to reconsider the agency's denial of those forms of relief. See id.; Johnson v. Holder, 564 F.3d 95, 99 (2d Cir.2009).