09-1067-ag
Singh v. Holder

BIA
Vomacka, IJ
A078 947 494

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand ten.

PRESENT:
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
            *Circuit Judges*.
            *Circuit Judges*.

_____

RANVEER PAL SINGH,
    *Petitioner*,

      v.                            09-1067-ag
                                   NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:      Sebastian Maguire, Jackson Heights, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Joan E. Smiley, Trial Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ranveer Pal Singh, a native and citizen of India, seeks review of a February 17, 2009, order of the BIA affirming the September 24, 2007, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying his application for asylum and withholding of removal. *In re Ranveer Pal Singh*, No. A078 947 494 (B.I.A. Feb. 17, 2009), *aff'g* No. A078 947 494 (Immig. Ct. N.Y. City Sept. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

The BIA reasonably found that even assuming his credibility, Singh failed to demonstrate that he suffered past persecution.  In order to constitute persecution, the alleged past harm must be sufficiently severe, rising above "mere harassment."  *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).  In his brief, Singh argues that the agency erred in determining that he was "merely harassed" by members of the Muslim League Party in light of the "frequency and severity" of his encounters with them.  Although we have explained that "violent conduct generally goes beyond the mere annoyance and distress that characterize harassment," *id.* at 342, we have never held that all forms of physical mistreatment rise to the level of persecution.  Rather, the difference between persecution and harassment "must be assessed with regard to the *context* in which the mistreatment occurs."  *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir. 2006) (cautioning the BIA to be "keenly sensitive" to the fact that a "'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground").  We are

3

satisfied that the BIA considered the context of the incidents Singh described and find no error in its conclusion that they did not rise to the level of persecution. *Cf. Baba v. Holder*, 569 F.3d 79, 85 (2d Cir. 2009).

Furthermore, substantial evidence supports the agency's conclusion that Singh failed to demonstrate that he had a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2)(i). An applicant is not eligible for asylum when he "could avoid future persecution by relocating to another part of [his] country of nationality or, if stateless, another part of [his] country of last habitual residence, if under all the circumstances it would be reasonable to expect [him] to do so." *See* 8 C.F.R. §§ 1208.13(b)(2)(ii), 1208.16(b)(2). In making his relocation finding, the IJ noted that although Singh testified that he would be targeted by a Muslim group in the city where his family lives, India is a "vast country . . . that is most strongly non-Muslim." *See* 8 C.F.R. § 1208.13(b)(3). The IJ further found that Singh could relocate to the northern part of the state (which is heavily populated by Sikhs) or to another state within India

where Muslims are not the majority group. Singh argues that the agency erred in finding that he could relocate because the Muslim League Party has "branches and . . . members all over" India and that the Indian government cannot control them. However, we are not compelled to conclude, contrary to the agency, that relocation was not a reasonable option for Singh. Finally, the record does not support Singh's argument that the agency "overlooked" the documentary evidence he submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17. (2d Cir. 2006) ("presum[ing] that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Because Singh was unable to demonstrate his eligibility for asylum, the agency reasonably denied his application for withholding of removal, as it was based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Additionally, contrary to Singh's argument, the agency did not err in failing to consider his application for CAT relief because in this Court's July 2006 order remanding his case to the BIA, we found that he waived any challenge to the agency's denial of his application for CAT

relief.  That finding remains the law of the case.  *See*

*Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk