10-1172-ag
Ahmed v. Holder

BIA
A096 442 859
A096 442 858
A096 442 857

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand eleven.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
_____

SYED IQBAL AHMED, JAVAIRIA AHMED, ROMANA AHMED,
        *Petitioners,*

        v.                                      10-1172-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:      Matthew L. Kolken, Kolken & Kolken, Buffalo, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; Anthony C. Payne, Senior

**Litigation Counsel; Margaret Kuehne Taylor, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Syed Iqbal Ahmed, Javairia Ahmed, and Romana Ahmed, natives and citizens of Pakistan, seek review of the February 26, 2010, order of the BIA denying cancellation of removal and Petitioners' motion to remand in order to apply for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Syed Iqbal Ahmed, Javairia Ahmed, Romana Ahmed*, No. A096 442 859/858/857 (B.I.A. Feb. 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the BIA's decision issued following remand. *See Belortaja v. Gonzales*, 484 F.3d 619, 622–23 (2d Cir. 2007). As an initial matter, we decline to review the Ahmeds' challenge to the agency's finding that they did not demonstrate the

2

requisite good moral character to establish their eligibility for cancellation of removal, as the issue was ripe for review at the time of their initial petition for review before a previous panel of this Court, and that panel determined that they had waived the issue. *See Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (holding that "where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars ... an appellate court in a subsequent appeal from reopening such issues" in the absence of cogent or compelling reasons).

Accordingly, the only issue before us is the Ahmeds' challenge to the BIA's denial of their motion to remand, which we review for abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151, 156 (2d Cir. 2005). The BIA did not abuse its discretion in denying the Ahmeds' motion based on their failure to provide sufficient evidence establishing their *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (holding that a movant's failure to establish a *prima facie* case for the

underlying substantive relief is a proper ground for the BIA to deny a motion to reopen). While the Ahmeds argued that they feared harm in Pakistan because the Taliban was targeting and killing both Shia Muslims and female students, the BIA reasonably found that the Ahmeds failed to demonstrate an individualized risk of persecution or a pattern or practice of persecution against similarly situated individuals, as the Ahmeds did not present any evidence that the problems they cited were occurring in their home city of Karachi, other major cities in Pakistan, or many other parts of the country. *See Jian Hui Shao*, 546 F.3d at 168 (noting that in order to establish *prima facie* eligibility for relief in a motion to reopen, petitioner must "show a 'realistic chance'" of obtaining relief by "demonstrating that the proffered new evidence would likely alter the result . . ."); *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (finding no error in agency's pattern and practice finding when its determination was supported by country conditions evidence in the record).

Although the Ahmeds claim that the BIA impermissibly made findings of fact, this Court has recognized that the BIA will engage in fact-finding when considering relevant evidence of country conditions in evaluating a motion to

4

reopen. *See Jian Hui Shao*, 546 F.3d at 168; *see also Li Yong Cao*, 421 F.3d at 156. In addition, although the Ahmeds claim that the BIA failed to meaningfully consider all of their evidence, a review of the record reveals that the BIA considered the Ahmeds' evidence, as it explicitly listed the content of the articles submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006) (holding that the Court will "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk