10-1127-ag
Siswoyo v. Holder

BIA
Nelson, IJ
A098 690 726

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand eleven.

PRESENT:
>    JOSEPH M. MCLAUGHLIN,
>    GUIDO CALABRESI,
>    RICHARD C. WESLEY,
>        *Circuit Judges.*

_____

WINOTO SISWOYO,
>    *Petitioner,*

>    v.                                          10-1127-ag
>                                                 NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Ronald S. Salomon, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Douglas E. Ginsburg,
                         Assistant Director; Paul Fiorino,
                         Senior Litigation Counsel, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Winoto Siswoyo, a native and citizen of Indonesia, seeks review of a February 26, 2010, decision of the BIA reaffirming, on remand, the September 20, 2005, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Winoto Siswoyo,* No. A098 690 726 (B.I.A. Feb. 26, 2010), *aff'g* No. A098 690 726 (Immig. Ct. N.Y. City Sept. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622-23 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115-16 (2d Cir. 2008).

As an initial matter, we do not consider the agency's

denial of CAT relief because our prior decision dismissing for lack of jurisdiction Siswoyo's unexhausted challenge to the denial of that form of relief remains the law of the case. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009). Therefore, the only issue before us is Siswoyo's challenge to the BIA's denial of asylum and withholding of removal based on the finding that he failed to demonstrate a pattern or practice of persecution against Chinese Christians in Indonesia.

In order to establish eligibility for asylum or withholding of removal, an applicant need not "provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if . . . [t]he applicant establishes that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii); *see also* 8 C.F.R. § 1208.16(b)(2)(i). The BIA has found time and again that there is no such pattern or practice of persecution against Chinese Christians in Indonesia, *see, e.g.*, *Matter of A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005), and we have found no error in those decisions, *see, e.g.*, *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

3

Likewise, in this case, the BIA did not err in determining that Siswoyo failed to establish a pattern or practice of persecution against Chinese Christians in Indonesia. Indeed, the BIA reasonably found that although Chinese Christians face incidents of harm, particularly by non-state actors, and although government forces at times have tolerated such illegal actions, the record did not establish that there is systematic persecution of that group. *See Santoso*, 580 F.3d at 112; *see also Matter of A-M-*, 23 I. & N. Dec. at 741-42.

Because the BIA reasonably determined that Siswoyo failed to establish a pattern or practice of persecution against Chinese Christians in Indonesia, it did not err in denying his applications for asylum and withholding of removal. *See* 8 C.F.R. § 1208.13(b)(2)(iii); 8 C.F.R. § 1208.16(b)(2)(i); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk