Zheng v. Whitaker

BIA
Lamb, IJ
A088 372 034

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand nineteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*

_____

LISHUANG ZHENG,
        *Petitioner,*

v.                                                    16-3559
                                                      NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Mike P. Gao, Flushing, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Keith I.
                       McManus, Assistant Director; John
                       B. Holt, Trial Attorney, Office of
                       Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lishuang Zheng, a native and citizen of the People's Republic of China, seeks review of a September 29, 2016, BIA decision that affirmed the May 22, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lishuang Zheng,* No. A088 372 034 (B.I.A. Sept. 29, 2016), *aff'g* No. A088 372 034 (Immig. Ct. N.Y. City May 22, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under these circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

Zheng applied for asylum, withholding of removal, and CAT relief, asserting that she suffered past persecution when

2

family planning officials threatened to arrest her in order to compel her to use an intrauterine device ("IUD") and that she fears forced sterilization based on the birth of her second child in the United States in violation of China's population control program.

"We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 70-75 (2d Cir. 2011). Being forced to use an IUD is not per se persecution, *Xia Fan Huang v. Holder.* 591 F.3d 124, 129-30 (2d Cir. 2010). In any event, Zheng submitted to insertion of an IUD at her mother-in-law's request, and not because of being forced to do so. The BIA did not err in concluding that Zheng failed to show past persecution.

We do not consider the agency's denial of relief based on Zheng's fear of persecution based on the birth of her second child in the United States because our prior decision evaluating her individualized evidence and concluding that her claim was largely foreclosed by *Jian Hui Shao* remains the law of the case. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same

3

case unless cogent and compelling reasons militate otherwise." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court

4