Reches v. Morgan Stanley & Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

─────────────────────────────────────

Benjamin Reches,

*Plaintiff-Appellant*,

v.                                                                 19-547

Morgan Stanley & Co., LLC,

*Defendant-Appellee*.

─────────────────────────────────────

FOR PLAINTIFF-APPELLANT:              Benjamin Reches, pro se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:              Robert N. Holtzman, Kramer Levin Naftalis
                                                              & Frankel LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New

York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Benjamin Reches, pro se, sued his former employer, Morgan Stanley & Company, in state court for violations of the Employee Retirement Income Security Act and state law. After Morgan Stanley removed the case to federal court, the district court dismissed Reches's ERISA claims as untimely, and remanded the remaining state law claims to state court. Reches moved three times for reconsideration. The district court denied the motions, and this Court affirmed the judgment. *See Reches v. Morgan Stanley & Co. Inc.*, 687 F. App'x 49 (2d Cir. 2017) (summary order). Reches moved again for reconsideration, which the district court again denied; this Court affirmed the denial. *See Reches v. Morgan Stanley & Co.*, 736 F. App'x 306 (2d Cir. 2018) (summary order). For the fifth time, Reches moved for reconsideration and the district court denied the motion. He appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court decision granting or denying a Federal Rule of Civil Procedure 60(b) motion for abuse of discretion. *See Molchatsky v. United States*, 713 F.3d 159, 162–63 (2d Cir. 2013). "A district court abuses its discretion if it bases 'its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010) (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)).

The district court did not abuse its discretion. Reches's arguments about the statute of limitations are barred by the law of the case doctrine, which "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the

2

same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted). Compelling reasons include "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 99–100 (internal quotation marks omitted). Here, the district court ruled (and we affirmed) that Reches's claims were untimely. *Reches*, 687 F. App'x at 50–51. And we determined that it was not an error, under the circumstances of this case, for the district court to have raised the statute of limitations issue sua sponte. *Id.* Further, we have already rejected Reches's attempts to revisit this issue. *Reches*, 736 F. App'x at 307–08. The law of the case doctrine, therefore, applies here.

Reches offers no compelling arguments, as all of his contentions have previously rejected by the district court and the district court's judgments have been affirmed on appeal. We have reviewed the remainder of Reches's arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3