21-1414-bk
*Speer v. Mangan (In re: Speer)*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
　　　　　　REENA RAGGI,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　　　*Circuit Judges.*

---

IN RE: SPEER

---

SHERI SPEER,

　　　　　　　　*Appellant,*　　　　　　　　　　　　21-1414-bk

　　　　　　　　v.

BONNIE MANGAN, Chapter 7 Trustee,

　　　　　　　　*Appellee.*

---

**FOR APPELLANT:**　　　　　　　　Sheri Speer, *pro se*, Norwich, CT.

**FOR APPELLEE:**　　　　　　　　Bonnie C. Mangan, The Law Office of Bonnie C. Mangan, P.C., South Windsor, CT.

Appeal from an order and judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 18, 2021 order of the District Court be and hereby is **AFFIRMED**, and Sheri Speer is **ORDERED TO SHOW CAUSE** as directed in the penultimate paragraph of this summary order.

Sheri Speer is the debtor in an involuntary Chapter 7 bankruptcy proceeding. On October 16, 2020, the Bankruptcy Court overruled Speer's objections, approved the Trustee's Final Report ("TFR"), and ordered compensation for the Trustee and distribution to creditors. Speer appealed, and the District Court affirmed the Bankruptcy Court's order. Speer now appeals from the order and judgment of the District Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

We "undertake[] an independent examination of the factual findings and legal conclusions of the [B]ankruptcy [C]ourt," reviewing its "findings of fact for clear error and its conclusions of law *de novo.*" *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d Cir. 2006).

We reject Speer's notice arguments. Rule 2002 did not require the TFR to bear a mailing date. *See* Fed. R. Bankr. P. 2002. And it was unnecessary to provide notice to Julie Morgan—the appointed receiver in a separate enforcement action against the servicer of the loan underlying Michael Teiger's claim in the involuntary Chapter 7 petition—because she was not a debtor, creditor, or indenture trustee. *See id.* 2002(f)(8).

We likewise reject Speer's claims that the Trustee failed to discharge her duties. We held in 2019 that Speer's challenge to the involuntary Chapter 7 petition was barred by *res judicata* because she failed to raise her argument in an earlier appeal. *Speer v. Clipper Realty Tr. (In re: Speer)*, 771 F. App'x 25, 28 (2d Cir. 2019) (summary order). Because there are no "cogent and compelling reasons militat[ing] otherwise," we adhere to our prior ruling and decline to consider Speer's claims that the Trustee inadequately investigated the petition. *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (discussing the law of the case doctrine). And the Trustee had no duty to examine Teiger's or Clipper Realty Trust's claims because neither was paid by the estate and no "purpose would be served" by such an examination. *See* 11 U.S.C. § 704(a)(5).

## II.

We take notice that Speer has filed 42 notices of appeal in the underlying bankruptcy matter.[1] Of 39 appeals adjudicated prior to this week, 37 have been either dismissed or the

---

[1] *See In re: Speer*, No. 14-21007, Dkt. Nos. 236, 532, 741, 774, 775, 776, 879, 932, 933, 939, 985, 1014, 1016, 1018, 1020, 1022, 1292, 1293, 1328, 1605, 1606, 1607, 1622, 1624, 1625, 1631, 1654,

appealed-from order affirmed.[2] Separately, the District Court has dismissed *sua sponte* as frivolous two complaints filed by Speer,[3] and this panel recently affirmed the District Court's order requiring Speer to seek leave to file complaints in the District of Connecticut.[4] We take further notice that Speer has at least six times improperly removed a state action to federal court,[5] and at least three times this Court has dismissed her appeals from district court remand orders.[6] Three of the six frivolous removals related to a single case in which the Connecticut Superior Court imposed financial sanctions[7] and subsequently barred Speer from further state court filings pending payment.[8] As of February 3, 2022, Speer had not paid the sanction, and had at least once violated the court-imposed filing bar.[9]

"Pursuant to the terms of Federal Rule of Appellate Procedure 38 . . . and the inherent authority of the Court to consider sanctions on parties who pursue patently frivolous appeals and force this Court to consider—and the [Trustee] to defend—vexatious litigation, we may, with

---

1657, 1686, 1710, 1745, 1746, 1747, 1777, 1779, 1811, 1829, 1855, 1876, 1882, 1921, 1931 (Bankr. D. Conn.).

[2] *See id.* Dkt. Nos. 408, 1069, 1070, 1071, 1072, 1073, 1074, 1085, 1510, 1576, 1577, 1578, 1588, 1589, 1590, 1632, 1660, 1661, 1662, 1663, 1664, 1665, 1666, 1716, 1726, 1727, 1728, 1783, 1815, 1818, 1825, 1826, 1827, 1834, 1880, 1919, 1920.

[3] *See Speer v. Norwich Public Utilities*, No. 19-CV-2005, Dkt. No. 55 (D. Conn. May 18, 2021); *Speer v. City of Norwich*, No. 20-CV-928, Dkt. No. 57 (D. Conn. May 18, 2021).

[4] *See Speer v. Norwich Public Utilities*, No. 21-1353, Dkt. No. 87 (2d Cir. Mar. 23, 2022).

[5] *See City of Norwich v. Southern New England Home Buyers, LLC*, No. 19-CV-1823, Dkt. No. 13 (D. Conn. Jan. 7, 2020); *Seaport Capital Partners LLC v. Speer*, No. 18-CV-1345, Dkt. No. 14 (D. Conn. Oct. 16, 2018); *Seaport Capital Partners LLC v. Speer*, No. 18-CV-639, Dkt. No. 14 (D. Conn. May 29, 2018); *Seaport Capital Partners LLC v. Speer*, No. 17-CV-1647, Dkt. No. 11 (D. Conn. Jan. 31, 2018); *Charter Oak Federal Credit Union v. Speer*, No. 15-CV-1531, Dkt. No. 12 (D. Conn. June 10, 2016); *JP Morgan Chase Bank, N.A. v. Speer*, No. 16-CV-140, Dkt. No. 9 (D. Conn. Feb. 5, 2016).

[6] *Seaport Capital Partners, LLC v. Speer*, No. 18-3289, Dkt. No. 27 (2d Cir. Apr. 25, 2019); *Seaport Capital Partners, LLC v. Speer*, No. 18-1892, Dkt. No. 33 (2d Cir. Dec. 20, 2018); *JP Morgan Chase Bank, N.A. v. Speer*, No. 16-1270, Dkt. No. 33 (2d Cir. July 27, 2016).

[7] *Seaport Capital Partners, LLC v. Spear*, No. KNL-CV-12-6012072-S, Dkt. No. 308.01 (Conn. Super. Ct. June 7, 2017).

[8] *Id.* Dkt. No. 343.02 (July 12, 2018).

[9] *See Speer v. Skaats*, No. KNL-CV-19-5020691-S, Dkt. No. 136.01 (Conn. Super. Ct. Feb. 3, 2022).

adequate notice and opportunity to be heard, impose sanctions *nostra sponte*." *Gallop v. Cheney*, 642 F.3d 364, 370 (2d Cir. 2011).  The record and Speer's litigation history suggest that this appeal was "brought without the slightest chance of success," *id.* (citation omitted), and that Speer filed it "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (citation omitted).

Accordingly, Speer is hereby ordered to show cause in writing within 30 days of the entry of this order why this court should not impose sanctions.  *See Gallop*, 642 F.3d at 370.  Such sanctions may include double costs and just damages.  *See* Fed. R. App. P. 38.  They may also restrict Speer's ability to file future appeals in this Court.  *See In re Martin-Trigona*, 9 F.3d 226, 228–29 (2d Cir. 1993) (discussing restrictions "completely foreclosing the filing of designated categories of cases" and "subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings").  The Trustee may file a letter-brief within three days of Speer's submission stating her views, if any, on the question of sanctions.

## CONCLUSION

We have reviewed all of the arguments raised by Speer on appeal and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the May 18, 2021 order and judgment of the District Court.  Speer is **ORDERED TO SHOW CAUSE** as directed in the penultimate paragraph of this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4