21-1512-cr (L)
United States v. Swinton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

United States of America,

> *Appellee-Cross-Appellant*,

> v.                                                                 21-1512 (L), 21-1786 (Con)

Robert L. Swinton, Jr., AKA Scooby,

> *Defendant-Appellant-Cross-Appellee*.

_____

FOR THE UNITED STATES:          Katherine A. Gregory, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

FOR ROBERT L. SWINTON, JR.:     Robert Lee Swinton, Jr., pro se, Danbury, CT (Michelle Anderson Barth, standby counsel, Burlington, VT).

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2017, Robert L. Swinton, Jr. ("Swinton") was convicted of federal drug and firearms offenses after a jury trial and was sentenced, pursuant to the United States Sentencing Guidelines, as a career offender to 270 months' imprisonment.   In a prior appeal, we affirmed the judgment of conviction, but vacated the sentence and remanded for resentencing, directing the district court to determine the applicability of the career offender guideline.  *United States v. Swinton*, 797 F. App'x 589, 602 (2d Cir. 2019).   Upon resentencing, the district court declined to reapply the career offender guideline and instead, as relevant here, applied U.S.S.G. § 2K2.1(a)(3) to determine the base offense level.   The district court also concluded that Swinton's offense conduct warranted a two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) for possession of a stolen firearm, and that a 1999 New York criminal conviction for attempted sale of a controlled substance yielded three additional criminal history category points.   Swinton ultimately received a sentence of 156 months' imprisonment.

Swinton timely appealed, proceeding pro se and with standby counsel.[1]   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

---

[1] The Government moves to withdraw its cross appeal, 2d Cir. 21-1786, because our recent decision in *United States v. Gibson*, 55 F.4th 153 (2d Cir. 2022), resolved the disputed issue in Swinton's favor.   We grant the Government's motion, dismiss 21-1786, and deny as moot the other pending motions relating to the cross-appeal.

## I.      Enhancement for Stolen Firearm

We review the district court's factual findings for clear error and its application of the Guidelines to the facts *de novo*.   *United States v. Loudon*, 385 F.3d 795, 797 (2d Cir. 2004).

Section 2K2.1 of the United States Sentencing Guidelines sets out the offense level calculations for, *inter alia*, unlawful possession of firearms.   In the underlying offense, Swinton unlawfully possessed two firearms: a semiautomatic rifle and a revolver.   On appeal, Swinton does not dispute that his base offense level was correctly calculated pursuant to U.S.S.G. § 2K2.1(a)(3) to be 22, premised on his possession of the semiautomatic rifle.   Instead, Swinton argues that the district court should not have given him a two-level enhancement for possession of a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4)(A) because the stolen firearm was the revolver, not the semiautomatic rifle used in the calculation of his base offense level.   We disagree.

U.S.S.G. § 2K2.1(b)(4)(A) provides that a two-level enhancement should be applied "[i]f *any* firearm . . . was stolen."   U.S.S.G. § 2K2.1(b)(4)(A) (emphasis added).   The word "any" leaves no doubt that the stolen firearm that triggers the two-level enhancement under this Guideline need not be the same as the firearm that results in the base offense level of 22 under U.S.S.G. § 2K2.1(a)(3).   In addition, a defendant's offense level and specific offense characteristics are determined based on "all acts and omissions" by the defendant during the commission of the offense of conviction.   U.S.S.G. § 1B1.3(a)(1)(A).   Here, the underlying offense was Swinton's unlawful possession of both the semiautomatic rifle and the stolen revolver.   Thus, under U.S.S.G. § 1B1.3(a)(1)(A), the possession of the stolen revolver was relevant conduct for the purposes of the total offense level calculation even though Swinton's unlawful possession of the revolver did not

determine his base offense level. The district court's application of the two-level enhancement for the stolen revolver was therefore proper.

## II.    Criminal History Category

Swinton next challenges the district court's assessment of three criminal history points for his 1999 state conviction. Under U.S.S.G. § 4A1.1(a), a sentencing court must add three criminal history points "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). In 1999, Swinton was sentenced to an indeterminate 42 months' to 7 years' imprisonment for attempted violation of New York Penal Law § 220.39(1), the criminal sale of a controlled substance in the third degree. Because this sentence exceeded the one-year-and-one-month minimum set forth in the Guidelines, the district court correctly determined that three criminal history points should be added to the calculation of Swinton's criminal history category.

On appeal, Swinton argues that his 1999 state conviction was not a categorical match for any federal crime. However, assessment of criminal history points does not require that the crime for which the prior sentence was imposed fit into a particular category of offenses. *See* U.S.S.G. § 4A1.2(a)(1) (defining "prior sentence" as "*any* sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense" (emphasis added)). Thus, any lack of a categorical match is irrelevant.

## III.    Discovery Issues

Swinton next argues that the Government improperly denied him discovery concerning: (1) his 1999 conviction; (2) the testimony of cooperating witness Danielle Bowen ("Bowen"); and (3) the alleged destruction of a "crack stem" recovered from Bowen's clothing. However, these issues are barred by the law of the case doctrine, which "forecloses reconsideration of issues that were

decided—or that could have been decided—during prior proceedings." *United States v. Williams*, 475 F.3d 468, 471 (2d Cir. 2007); *see also Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." (internal quotation marks and citation omitted)).

Here, Swinton argued in his first appeal that the Government had committed *Brady* violations with respect to Bowen's testimony and the crack stem. Although we did not discuss the *Brady* violation issues in our prior decision, we explicitly concluded that the issues raised by Swinton and not discussed in our decision lacked merit. *Swinton*, 797 F. App'x at 602. Because Swinton does not point to any new evidence or intervening change of law warranting reconsideration, we will not revisit these challenges to Swinton's conviction. *See Johnson*, 564 F.3d at 99–100 (listing as "cogent and compelling" reasons to depart from the law of the case: "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal quotation marks and citation omitted)).[2]

Additionally, although Swinton did not raise a claim relating to the discovery of materials regarding his 1999 criminal conviction in his prior appeal, this claim *could* have been raised then and, as a result, is barred now. *See Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 662 (2d Cir. 2020) ("[A] failure to raise an issue that could have been raised in an earlier appeal bars a litigant from raising it in a second appeal."). Moreover, Swinton cannot show that any harm resulted from the

---

[2] Relatedly, Swinton also argues that his conviction under 18 U.S.C. § 922(g) was unconstitutional, a claim we explicitly rejected in his prior appeal. *Swinton*, 797 F. App'x at 600–01. Swinton does not point to any new evidence or intervening change in law that would warrant reconsideration of this issue, so we decline to do so.

5

delay in receiving these materials. To the extent having these materials could have impacted his decision to accept a plea agreement early in his criminal prosecution, Swinton's attorneys, even if apprised of the materials, would not have known there was any issue with using the 1999 conviction as a predicate offense for career offender status. *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), which held that a conviction for criminal sale of a controlled substance in New York was not a predicate offense for a sentencing enhancement under U.S.S.G. § 2K2.1(a), was not decided until after Swinton was offered and declined the plea agreement he identifies.

Nor can Swinton argue that the delay resulted in a constitutional speedy trial violation. We previously concluded that Swinton was at fault for the 51-month delay in his trial, which resulted from his challenges to a Florida conviction, change in counsel, and filing of a complex omnibus motion. *Swinton*, 797 F. App'x at 595. Finally, that Swinton was sent to a facility with a higher classification was not solely determined by the fact he did not receive information about his 1999 conviction and was therefore considered a career offender. The Bureau of Prisons relies on a variety of information from the judgment, pre-sentence investigation report, and Statement of Reasons (among other documents) to designate a facility.[3] Moreover, because Swinton received the documents by the time of sentencing, the delay likely did not impact his facility designation.

## IV. Ineffective Assistance of Counsel

Finally, Swinton contends that his prior attorneys were ineffective because they failed to research whether his 1999 conviction was a predicate offense for career offender status under the

---

[3] *See Bureau of Prisons*, Inmate Security Designation and Custody Classification, Program Statement P5100.08, ch. 3, p. 1–2; ch. 4, located at https://www.bop.gov/policy/progstat/5100_008 cn.pdf (last visited January 27, 2023).

Guidelines and therefore caused him prejudice. When an ineffective assistance of counsel claim is raised on direct appeal, we may: (1) decline to hear the claim and let it be raised under 28 U.S.C. § 2255; (2) remand for further factfinding; or (3) decide the claim on the record before us. *United States v. Adams*, 768 F.3d 219, 226 (2d Cir. 2014) (per curiam). "[T]he first option is generally preferred," *id.*, and we maintain a "baseline aversion to resolving ineffectiveness claims on direct review," *United States v. Wellington*, 417 F.3d 284, 288 (2d Cir. 2005) (internal quotation marks and citation omitted). *But see United States v. Laurent*, 33 F.4th 63, 97 n.17 (2d Cir. 2022) (clarifying that this "aversion" does not permit declining to review an ineffectiveness claim that was fully developed on the record and presented on direct appeal), *cert. denied*, 143 S. Ct. 394 (2022). Here, Swinton argues that all three of his prior attorneys failed to research the career offender issue, and that this resulted in him receiving inappropriate advice concerning whether he should accept a plea agreement. Such claims cannot be resolved on direct appeal because they concern private discussions Swinton held with his attorneys and actions counsel took off the record. Swinton may raise them instead in a 28 U.S.C. § 2255 motion.

\* \* \*

We have considered Swinton's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**. As set forth above, we further **GRANT** the Government's motion to withdraw its cross-appeal and **DENY** as moot the motions to dismiss the cross-appeal and hold the appeal in abeyance.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court