12-4735 (L)
Chen v. Holder

BIA
A072 656 303

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

XUE YONG CHEN,
> *Petitioner*,

v.                                        12-4735 (L),
                                          13-1517 (Con)
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Alan Lee, New York, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Ernesto H. Molina, Jr.,
                       Assistant Director; Jeffery R.
                       Leist, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Xue Yong Chen, a native and citizen of China, seeks review of the November 13, 2012, and March 22, 2013, orders of the BIA denying his motions to reopen and reconsider. *In re Xue Yong Chen*, No. A072 565 303 (B.I.A. Mar. 22, 2013); *id.* (B.I.A. Nov. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case. Because Chen does not challenge the denial of his motion to reconsider, we have considered only the agency's denial of his motions to reopen, which we review for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Chen's 2012 and 2013 motions were untimely and number barred because he filed six motions to reopen since being ordered removed in 2005. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However,

2

the agency may equitably toll the time limitation on a motion to reopen if an alien demonstrates ineffective assistance of counsel and that he exercised due diligence in pursuing that claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008).

Chen argues that he established ineffective assistance of counsel in his 2013 motion due to his former counsel's failure to warn him of the consequences of filing a frivolous asylum application. However, the BIA reasonably found that he did not exercise due diligence because he should have discovered his attorney's failure in 2000, when the IJ found that he had filed a frivolous application, or at least in the course of filing one of his six motions to reopen. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) ("A petitioner who waits two years or longer to take steps to reopen a proceedings ha[d] failed to demonstrate due diligence"). The BIA therefore did not abuse its discretion in declining to equitably toll the time limitation and in denying Chen's 2013 motion to reopen as untimely and number barred. *See Rashid*, 533 F.3d at 131.

3

Chen also contends that the BIA declined to reopen *sua sponte* based on its erroneous determination that the IJ's frivolousness finding validly rendered him ineligible for adjustment of status.  The BIA may, as a matter of discretion, reopen proceedings for exceptional circumstances, but we may not review such discretionary decisions unless the petitioner raises a colorable constitutional claim or question of law.  *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D).  Although Chen raises questions of law, arguing that the BIA misperceived his eligibility for relief, his arguments lack merit.  *See Mahmood v. Holder*, 570 F.3d 466, 469-71 (2d Cir. 2009).

As the BIA concluded, the IJ's finding that he filed a frivolous asylum application barred him from adjustment of status.  8 U.S.C. § 1158(d)(4)(6).  Chen became subject to the frivolous filing bar when he reapplied for asylum in 1999.  *See* 8 C.F.R. § 1208.20 (applying frivolous filing consequences to applications filed on or after April 1, 1997).  Contrary to Chen's arguments, the 1999 application was valid, despite his failure to sign the application a second time before the IJ, and provided him sufficient notice of the consequences of filing a frivolous application as required by regulation.  *See* 8 U.S.C. § 1158(d)(4)(A)

4

(providing that "*[a]t the time of filing* an application for asylum, the Attorney General shall . . . advise the alien . . . of the consequences . . . of knowingly filing a frivolous application for asylum . . . ."); *see also Pavlov v. Holder*, 697 F.3d 616, 618 (7th Cir. 2012) (holding that the asylum application warning satisfies § 1158(d)(4)(A)); *Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012) (same); *Ribas v. Mukasey*, 545 F.3d 922, 929-30 (10th Cir. 2008) (same).  Accordingly, the BIA did not err in declining to *sua sponte* reopen.  *Cf. Mahmood*, 570 F.3d at 469-71.

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
