Chen v. Rosen

BIA
A072 565 303

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of January, two thousand twenty-one.

PRESENT:
> DEBRA A. LIVINGSTON,
> *Chief Judge*,
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> *Circuit Judges.*

_____

XUE YONG CHEN,
> *Petitioner*,

v.                                      **18-2308**
                                                                NAC

JEFFREY A. ROSEN, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:           Jean Wang, Wang Law Office, PLLC, Flushing, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney General; Anthony C. Payne, Assistant Director; Jeffery R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Yong Chen, a native and citizen of the People's Republic of China, seeks review of a July 18, 2018, decision of the BIA denying his motion to reopen. *In re Xue Yong Chen,* No. A072 565 303 (B.I.A. Jul. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history. We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).[1]

As an initial matter, it is undisputed that Chen's 2018 motion to reopen was untimely and number-barred because his final administrative order of removal was entered in 2005 and it was his eighth motion to reopen following that order. *See* 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i) (allowing one motion to reopen within 90 days of the final administrative order); 8 C.F.R. § 1003.2(c)(2) (same). Chen does not argue that any of the statutory or regulatory exceptions to the time and number limitations applies here. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. § 1003.2(c)(3).

Instead, Chen argues that the time and number limitations should be equitably tolled. "Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." *Iavorski v. U.S. INS*, 232 F.3d 124,

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

2

129 (2d Cir. 2000). Chen has not demonstrated that the BIA erred by declining to find that equitable tolling is appropriate here.

First, Chen argues that tolling is warranted because the grave consequences of the agency's initial determination that he filed a frivolous asylum application, an intervening change in law, and misconduct by his lawyer and the immigration judge ("IJ") combined to produce a "manifest injustice." Petitioner's Br. ("PB") at 15–16. Chen, however, cites no relevant case law for the proposition that a finding of manifest injustice allows tolling in this context.[2] Thus, Chen has not shown that the BIA erred by failing to equitably toll the time and number limitations on this ground.

Second, Chen argues that equitable tolling is warranted based on the ineffective assistance of his counsel. A showing of ineffective assistance may provide an equitable exception to the time and number limitations, *Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008), if the movant "exercised due diligence in pursuing the case during the period [he] seeks to toll," *Iavorski*, 232 F.3d at 135. Chen argues that his counsel was ineffective because, although Chen was purportedly eligible to adjust his status a few weeks before the BIA affirmed the IJ's frivolousness finding in 2005, counsel failed to move to remand to the IJ at that point.

This argument is unavailing based on our prior decisions in this matter. In 2014, we

---

[2] Chen appears to draw this standard instead from cases addressing the "law of the case" doctrine, where preventing a "manifest injustice" is a relevant exception. *See* PB at 13–14 (citing *Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009); *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

3

held that equitable tolling based on ineffective assistance was not warranted as to a prior motion submitted by Chen because the BIA reasonably found that he had not acted with due diligence. *See Xue Yong Chen v. Holder*, 565 F. App'x 18, 20 (2d Cir. 2014). While Chen raises a new theory of ineffective assistance in his present motion, our prior reasoning — that Chen did not demonstrate due diligence because nothing prevented him from raising his ineffective assistance claim earlier — applies with equal force here and is thus binding. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise.").

In short, Chen has not demonstrated that the BIA erred by failing to toll the time and number limitations and thus by denying his motion to reopen as untimely and number-barred. Because Chen offers no reason why consideration of his remaining substantive arguments is warranted notwithstanding these procedural bars,[3] we do not reach these arguments.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Chen does not, for example, argue that the BIA erred by failing to reopen *sua sponte*.

4