14-4124-ag
Rasid v. Lynch

BIA
A072 796 699

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand sixteen.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

FARUQ RASID,
>        *Petitioner,*

>        v.                                    14-4124-ag
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Anthony O. Egbase; Victoria T. Orafa, A.O.E. Law & Associates, Inc., Los Angeles, California.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Alison Marie Igoe, Senior Litigation

Counsel; Daniel I. Smulow, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Faruq Rasid, a native and citizen of Bangladesh, seeks review of an October 7, 2014, decision of the BIA denying Rasid's third motion to reopen removal proceedings. *In re Faruq Rasid,* No. A072 796 699 (B.I.A. Oct. 7, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Rasid's motion was otherwise untimely and number-barred because his order of removal became

2

administratively final when he failed voluntarily to depart in January 2001, and it was his third such motion.

In certain circumstances, the time period for filing a motion to reopen may be equitably tolled upon an alien's demonstration of ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). Nonetheless, we discern no abuse of discretion in the BIA's refusal to consider Rasid's ineffective assistance claim. Indeed, we previously rejected this claim on the merits in reviewing Rasid's petition for review of the BIA's denial of his first motion to reopen. *See* Order, *Rasid v. Holder*, No. 12-4110-ag, Dkt. No. 52. We dismissed the petition as frivolous, concluding that the BIA had properly denied Rasid's ineffective assistance claim for failure to exercise due diligence. *See id.*

We adhere to this decision because Rasid has failed to raise new arguments or to present new evidence either to the BIA or this Court. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (stating that law of the case doctrine requires adherence to prior decision on issue in subsequent stage of same case). A motion to reopen is not a vehicle to present previously

3

rejected arguments on the basis of previously available evidence. *See* 8 C.F.R. § 1003.2(c) (requiring that motion to reopen be based on new and previously unavailable evidence).

Rasid also argues that the BIA erred in declining to reopen proceedings *sua sponte* because of the exceptional hardship his family would suffer if he is removed. The claim fails because we lack jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte*, as this decision is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). *Kucana v. Holder*, 558 U.S. 233 (2010), cited by Rasid, is not to the contrary, as the Supreme Court there stated that it "express[ed] no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings *sua sponte*," *id.* at 251 n.18. Nor is there any indication here that the BIA "may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," such that remand to the Agency for reconsideration in view of the correct law would be appropriate. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

4

Accordingly, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court