Cui v. Lynch

BIA
A099 934 507

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

XIANGLAN CUI,
> *Petitioner,*

v.                                                        15-1670
                                                         NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Guang Jun Gao, Esq., Flushing, New York.

FOR RESPONDENT:              Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Deitz P. Lefort, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xianglan Cui, a native and citizen of the People's Republic of China, seeks review of a May 4, 2015, decision of the BIA denying her untimely motion to reopen. *In re Xianglan Cui,* No. A099 934 507 (B.I.A. May 4, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

It is undisputed that Cui's motion to reopen was untimely. Her February 2015 motion was filed nearly two years after the final administrative order of removal was issued in May 2013. 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day period for filing motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same). This time

limitation may be excused if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii), but the BIA reasonably concluded that Cui failed to establish changed conditions for pro-democracy activists in China.

Substantial evidence supports the BIA's determination that the Chinese government's treatment of political dissidents—which included harassment, arrests, and detention—was a continuation of conditions existing at the time of Cui's 2010 hearing before the IJ. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). While Cui's evidence includes specific reports of arrests of 50 people during a crackdown on protest activity, the same report from Amnesty International refers to a continuation of persecution. The U.S. Department of State's 2012 Country Report on Human Rights Practices further supports the BIA's conclusion that conditions had not changed; it reported that pro-democracy groups "remained banned, and the government continued to monitor, detain, and imprison current and former [Chinese Democracy Party] members." The 2011 and

3

2012 reports of the Congressional-Executive Commission on China similarly report that detention, harassment, and intolerance "remained commonplace." Given this record evidence the BIA reasonably concluded that there had been no material change in the treatment of pro-democracy activists in China. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

To the extent that Cui alleged a change particular to herself—the Chinese government's awareness of her political activity in the United States—the BIA did not abuse its discretion in declining to give weight to her evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that weight given corroborating evidence lies largely with discretion of agency). Moreover, the reliability of the letters was undermined by the underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-48 (2d Cir. 2007) (upholding agency's refusal to credit applicant's individualized evidence supporting motion to reopen given adverse credibility determination in underlying proceedings).

To the extent Cui now challenges the immigration judge's adverse credibility determination in her brief, it is not properly before us; we previously denied her petition

4

challenging that decision.  *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009).  Because a showing of changed country conditions is a prerequisite to reopening, the BIA did not abuse its discretion in denying the motion.  We decline to reach the BIA's alternative ruling that Cui failed to demonstrate her prima facie eligibility for asylum.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk