Kaur v. Lynch

BIA
A075 306 900

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
>     *Circuit Judges.*

_____

AMARJIT KAUR,
>     *Petitioner,*

>     v.                                    **14-25**
>                                           **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:         Amarjit Kaur, Pro Se, Richmond Hill, New York.

FOR RESPONDENT:         Joyce R. Branda, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Laura M.L. Maroldy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amarjit Kaur, a native and citizen of India, seeks review of a December 12, 2013, decision of the BIA denying her fifth motion to reopen. *In re Amarjit Kaur,* No. A075 306 900 (B.I.A. Dec. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to the BIA's December 2013 decision denying Kaur's fifth motion to reopen her removal proceedings. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We review the BIA's denial of Kaur's motion for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Kaur's September 2013 motion to reopen is untimely and number barred because the final administrative decision was issued in 1998—when Kaur failed to appear in immigration court—and this was Kaur's fifth motion. Although the time and number limitations may be excused based on a material change in conditions "in the country of

2

nationality or the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), as discussed below, Kaur's evidence showed only a continuation of prior conditions.

Kaur's motion alleged that police continue to look for her based on her political activities 17 years ago; she alleged the same in prior motions to reopen. The BIA did not err in finding these conditions to be merely a continuation of those previously alleged and thus not new evidence as required for reopening. *See Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006); *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007).

Moreover, the country conditions evidence in the record supports the BIA's determination that Kaur failed to establish a material change in conditions. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). The BIA did not err in giving little weight to letters from Kaur's father-in-law and village leader. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *In re H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). First, although the 1997 State Department India Country Profile, in evidence during Kaur's original proceedings, showed improvement in conditions for Punjabi Sikhs following a widespread crackdown on violent Sikh separatists, that report also reflected that individual

Sikhs were still detained and questioned about prior militancy and that "[c]ustodial abuse[s of individual Sikhs] . . . remain[ed] a significant problem." Kaur appended similar evidence to her motion, including several newspaper articles showing isolated incidents of torture and unexplained deaths of Sikhs in police custody. The evidence also showed that, while torture remained a problem, the government was investigating and arresting offending officers. None of her evidence establishes that Sikh separatists are at a greater threat of police violence than they were in 1998, the year of Kaur's merits hearing. *In re S-Y-G*, 24 I. & N. Dec. at 253. Thus, the BIA did not abuse its discretion in finding no material change as needed to excuse the time and number limitations on Kaur's motion. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Ali*, 448 F.3d at 517.

Kaur also argues that the BIA should have reopened because her counsel in her initial proceeding was ineffective and allowed her to be ordered removed *in absentia*. We, as did the BIA, decline to reach this issue as we have already addressed it and found it without merit. A motion to reopen is not a vehicle to present previously rejected arguments based on evidence that existed years prior to the filing of the motion. *See* 8 C.F.R. § 1003.2(c) (requiring new evidence for reopening); *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (holding that

4

"law of the case" doctrine requires court to adhere to prior decision on issue in subsequent stages of same case).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk