Perera v. Lynch

BIA
Hom, IJ
A089 224 988

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

KODIKARA ARACHCHIGE JUDE FRANK
PERERA,
> *Petitioner,*

> v.                                                    15-1035
>                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Visuvanathan Rudrakumaran, Law
                          Office of Visuvanathan
                          Rudrakumaran, New York, New York.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy
                          Assistant Attorney General; Anthony
                          P. Nicastro, Acting Assistant
                          Director; Yanal H. Yousef, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kodikara Arachchige Jude Frank Perera, a native and citizen of Sri Lanka, seeks review of a March 10, 2015, decision of the BIA affirming a June 4, 2013, decision of an Immigration Judge ("IJ") denying Perera's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kodikara Arachchige Jude Frank Perera,* No. A089 224 988 (B.I.A. Mar. 10, 2015), *aff'g* No. A089 224 988 (Immig. Ct. N.Y. City June 4, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review the IJ's factual findings under the substantial evidence standard, upholding those findings

2

"unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  We review de novo questions of law and the agency's application of law to undisputed fact.  *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

1. Perera argues that the doctrines of collateral estoppel and law of the case barred the IJ from reconsidering his credibility on remand.  His reliance on collateral estoppel is misplaced, as that doctrine applies only to relitigation of issues decided by entry of a final judgment on the merits.  *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986).

The law of the case doctrine provides "that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case . . . unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotation marks and citations omitted).  Here, the "cogent and compelling" reasons for reconsidering Perera's credibility were the indictment of his former counsel for filing fraudulent applications and Perera's decision to offer

3

additional testimony on remand. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (explaining that "law of the case doctrine does not rigidly bind a court to its former decisions" and that the "availability of new evidence" is a cogent and compelling reason for altering a prior ruling (internal quotation marks omitted)).

2. Perera also argues that the BIA remand was limited to determining whether the harm he suffered was on account of a protected ground, and that reconsideration of his credibility was therefore beyond the scope of the remand. Perera is incorrect. "[U]nless the Board qualifies or limits the remand for a specific purpose, the remand is effective for the stated purpose and for consideration of any and all matters which the Service officer deems appropriate in the exercise of his administrative discretion." *Matter of Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978). Because the BIA did not limit its remand, the IJ had the authority to consider Perera's credibility. *Id.*

3. Perera argues that the IJ evidenced bias when he asked Perera if he wished to withdraw his asylum application as a result of his former counsel's indictment. This was not evidence of bias. The IJ made clear that he provided this

4

opportunity as part of his duty to advise Perera of the consequences of filing a frivolous application. 8 U.S.C. § 1158(d)(4)(A) (providing that agency must advise applicant of consequences of knowingly filing a frivolous application).

4. Perera challenges the merits of the IJ's adverse credibility finding. We conclude that the finding is supported by substantial evidence. The agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on" inconsistencies in an applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, however, the inconsistencies went to the heart of the claim, including an inconsistency concerning "the very persecution from which [the petitioner] sought asylum." *Xian Tuan Ye v. DHS*, 446 F.3d 289, 294-95 (2d Cir. 2006). Perera testified on remand that the Sri Lankan military broke his legs

when they beat him. The medical report he submitted, however, described only bruises and a problem with nerves in his arm. This inconsistency, standing alone, is sufficient to support the adverse credibility determination because it concerned the sole incident of harm that formed the basis of Perera's claim. *Id*. The IJ was not required to credit Perera's explanation, that the report detailed the treatment, not the injuries. It makes little sense that he would receive treatment for bruises, but not for fractures. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The adverse credibility determination is reinforced by Perera's inconsistent testimony as to why he remained in Sri Lanka for several months after receiving a visa to travel to the United States. He testified that he needed to secure housing for his family; but he had previously testified that he stayed to receive additional medical care. The IJ was not required to accept Perera's explanation that he may have forgotten to mention the need to secure housing. *Majidi*, 430 F.3d at 80.

In addition to these inconsistencies, the adverse credibility determination is supported by Perera's lack of

6

corroboration. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As the IJ observed, Perera failed to produce medical records documenting his injuries or affidavits from his brother-in-law and a family friend explaining how they were able to bribe the Sri Lankan military to get Perera out of detention.

Considering the inconsistencies and the failure to corroborate, the "totality of the circumstances" supports the adverse credibility determination. See *Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we decline to reach Perera's arguments regarding whether his claim bore a nexus to a protected ground. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

7

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8