Goonewardena v. State of New York Workers' Comp. Bd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

─────────────────────────────────────

Bernard W. Goonewardena,

> *Plaintiff-Appellant*,

> v.                                              17-2234

New York State Workers' Compensation Board, Mr. Winston Farnum, Supervisor,

> *Defendants-Appellees*.

─────────────────────────────────────

| FOR PLAINTIFF-APPELLANT: | Bernard W. Goonewardena, pro se, New York, NY. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | Barbara D. Underwood, Solicitor General, Andrew W. Amend, Senior Assistant Solicitor General, David Lawrence III, Assistant Solicitor General of Counsel, *for* Letitia James, Attorney General for the State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bernard Goonewardena, proceeding *pro se*, sued his former employer, the New York Workers' Compensation Board ("WCB"), and his former supervisor, Winston Farnum, for employment discrimination under Title VII, the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and 42 U.S.C. § 1983.[1]   The district court entered judgment for the defendants following a three-day bench trial, and Goonewardena appeals.   We assume the parties' familiarity

---

[1] Goonewardena does not challenge on appeal the district court's dismissal of his additional claims on the defendants' motions to dismiss and for summary judgment. Nor does he address the district court's disposition of his retaliation claims following trial.   These claims are thus abandoned.   *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (pro se litigant abandons issue by failing to address it in his appellate brief).

with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Discrimination Claims

"In reviewing a judgment entered after a bench trial," we review the district court's findings of fact for clear error and its "conclusions of law, and its application of the law to the facts, *de novo*." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) (internal quotation omitted)). Further, we may not "second-guess the bench-trial court's credibility assessments." *Id.*

Goonewardena largely challenges the district court's finding that Farnum and Farnum's supervisor, Leonard Frasco, testified credibly. Because this Court may not disturb the district court's credibility assessments, this argument is unavailing. *See Krist*, 688 F.3d at 95. The remaining factual findings that Goonewardena contests on appeal are all supported by the record. For example, Farnum and Frasco both testified— credibly, in the district court's view—that Goonewardena's work contained errors, that they knew Goonewardena to have an antagonistic relationship with coworkers, and that other South Asians worked at the WCB under Farnum's supervision. The court's conclusion that Goonewardena's performance at the WCB was inadequate was also supported by the trial testimony and the documentary evidence, including

3

Goonewardena's two probationary reports. Although there was contrary evidence on some of these points in the record, the district court's decision to choose the defendants' view "cannot be clearly erroneous" because "there are two permissible views of the evidence." *Id*. (quoting *Anderson*, 470 U.S. at 574).

Goonewardena also argues that the evidence showed that the decision to terminate his employment was discriminatory and the proffered reasons for this decision—i.e., his performance issues—were pretext for age and race discrimination. In support of this claim, he notes that he was not given any formal warnings and that he was replaced by employees outside his protected groups. The district court properly concluded that these reasons were not sufficient to establish pretext. Failure to advise an employee of performance issues may suggest that these issues were later asserted pretextually. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 116 (2d Cir. 2013) (explaining that a company's failure to confront plaintiff with concerns regarding her performance prior to her protected activity could support an inference that these concerns were pretext for retaliation). But here, Farnum testified that he informally counselled Goonewardena regarding his performance and repeatedly returned his work for corrections. Further, although Goonewardena was replaced by employees outside his protected groups, there was no evidence that he was more qualified than the replacements. *See Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 130 (2d Cir.

4

1996) (plaintiff's "personal belief that she was the most qualified person for the various positions" was not sufficient to establish pretext).

Goonewardena's argument that the district court should have focused on whether his performance was actually inadequate, rather than how his employers perceived his performance, is meritless. First, his employer's view of his performance, and not the accuracy of that view, is the proper focus of the pretext injury. *See McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (explaining that, in a discrimination case, the Court is "interested in what *motivated* the employer," and is "decidedly not interested in the truth of the allegations against plaintiff" (internal quotation marks omitted)). Second, the district court in any event found that the evidence showed Goonewardena's performance *was* deficient. As discussed above, the court's ruling on this point was not clearly erroneous. Goonewardena similarly argues that the district court should have admitted, and given greater weight to, evidence concerning his prior work history, which he contends would demonstrate his competence. Because the accuracy of his employer's perception of his performance is not at issue, and because this evidence concerns Goonewardena's ability to meet expectations of different employers while completing different tasks years earlier, evidence of Goonewardena's prior work performance does not undermine the district court's decision. *See id.*; *Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d 15, 20 (1st

Cir. 1999) (prior positive performance reviews, issued when the plaintiff was "working in different capacities at different stores, under different supervisors with different expectations," did not establish that a subsequent negative evaluation was pretextual).

Goonewardena's argument that the presence of other South Asian employees does not refute his discrimination claim is also unavailing. The district court identified the diversity of the WCB's staff as one of several reasons that Goonewardena failed to demonstrate pretext. Although this factor does not conclusively establish that an employer's action was not "discriminatorily motivated," a court is "entitled to *consider* the racial mix of the work force when trying to make the determination as to motivation." *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 580 (1978).

Goonewardena also argues that Farnum's decision to inform him that his employment was terminated in the main area of the office demonstrated his racial animosity. But Farnum testified that he complied with the WCB Human Resources Office's instructions regarding the manner in which he terminated Goonewardena's employment. In the absence of additional evidence of pretext, this incident does not support Goonewardena's claim that Farnum discriminated against him. And Goonewardena's additional allegations that other probationary employees who made errors were not terminated, that less-qualified applicants were hired before him, and that

South Asians suffer discrimination in all New York State agency hiring, are not supported by the trial record.

Finally, to the extent that Goonewardena argues that his trial counsel was ineffective, this claim is meritless because, "except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases"—and, by extension, no right to effective counsel. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013).

## II.    Discovery Sanctions

"We review a district court's decision on a motion for discovery sanctions for abuse of discretion." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).   A district court has abused its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

Goonewardena challenges the factual finding underlying the district court's decision to deny his motion for discovery sanctions, asserting that Farnum was not credible as to the reasons failed to preserve certain documents.   This argument fails because, as discussed above, the district court's assessment of Farnum's testimony was not clearly erroneous.

7

### III. Motions

Goonewardena moves in this Court for an extension of time to amend and supplement his brief and reply brief, to introduce new evidence on appeal, to adjourn the submission date, for oral argument, and for reconsideration of this Court's prior denials similar relief. This Court has already denied his previous requests for extensions of time to amend and supplement his briefs and for oral argument. To the extent he repeats requests for relief that this Court has previously denied, the law of the case doctrine generally requires the Court to adhere to its prior rulings on an issue in the same case "unless cogent and compelling reasons militate otherwise," and such reasons are not present here. *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted). Further, Goonewardena has not shown that the new evidence that he seeks to introduce into the record on appeal was erroneously or accidentally omitted from the record, or that it is material to the case. *See* Fed. R. App. P. 10(e)(2); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n.4 (2d Cir. 2006) (per curiam) (declining to supplement the record in the absence of "evidence of an erroneous or accidental omission of material evidence"). Finally, we see no basis to adjourn the submission date in light of our denial of Goonewardena's other requests.

We have considered all of Goonewardena's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and

8

**DENY** the motions for an extension of time, to expand the record, to adjourn the submission date, for oral argument, to hold this appeal in abeyance, and for reconsideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court